of record was absent when the case was duly called for trial, *held* that an affidavit presented in support of a motion for a continuance on the ground that the attorney was engaged was wholly inadequate to warrant a continuance.

2. BILLS AND NOTES, § 373*—*when introduction of note makes prima facie case for plaintiff*. Where the execution of a note is not denied, the note when offered in evidence makes a *prima facie* case for plaintiff, including the fact of plaintiff's ownership, notwithstanding a stamped indorsement thereon to a third party which, under the statute, the owner was privileged to strike out.

3. BILLS AND NOTES, § 375*—*proof of consideration*. In a suit on a promissory note, proof of consideration is not essential to a *prima facie* case; want of consideration is an affirmative defense for defendant to establish.

4. COSTS, § 67*—*damages for prosecuting a writ of error for delay*. Ten per centum of the amount of the judgment allowed as statutory damages under R. S. ch. 33, § 23, J. & A. ¶ 2737, for suing out and prosecuting a writ of error for delay, it appearing that the contentions for reversal were obviously untenable and devoid of merit.

---

## Charles Andrews, Defendant in Error, v. James Sarantakis, Plaintiff in Error.

### Gen. No. 19,102. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

### Statement of the Case.

Replevin by Charles Andrews against Nick Sarantakis and James Sarantakis to recover possession of certain goods and chattels. The court found the plaintiff entitled to the possession of the property and entered judgment on the finding. To reverse the judgment, defendant James Sarantakis brings error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

THEODORE JOHNSON, for plaintiff in error.

McINERNEY, POWER & BYRNES, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CHATTEL MORTGAGES, § 147*—*priority between first and second mortgage.* Where a second mortgage contains an express provision that it is subject to a prior mortgage it conveys nothing more than an equity of redemption. At any rate, in the absence of fraud or injury, such a stipulation should estop a party to it from questioning the validity of the first mortgage.

2. CHATTEL MORTGAGES, § 122*—*priority of lien as affected by failure of clerk to enter affidavit of extension on docket.* A second mortgagee acquires no lien or the right to possession of mortgaged goods and chattels superior to the rights given by a prior mortgage because an affidavit of extension of the first mortgage, duly recorded and filed with the clerk of the Municipal Court, was not entered on the docket or record of said court, it also appearing that when the second mortgage was given, the first mortgagee was in possession consistent with the terms of the mortgage, of which the second mortgagee had full notice, and the second mortgage contained an express provision that it was subject to the prior mortgage.

3. CHATTEL MORTGAGES, § 144*—*when lien not waived by unreasonable delay in enforcing mortgage.* Facts *held* insufficient to show an unreasonable delay of the first mortgagee to enforce his mortgage so as to give the second mortgage a prior lien, it appearing that the second mortgage was not due, and that the first mortgagee undertook to enforce his claim on the first day after the expiration of the extension of his mortgage.